UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALFRED MCZEAL** | : | **DOCKET NO. 15-cv-2315** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **MIDSOUTH NATIONAL BANK NA, ET. AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss and a Motion to Take Judicial Notice filed by defendants. Docs. 6, 34, 39. The motions are opposed by plaintiff. Docs. 14, 36, 48, 49. Also before the court is a Motion to Strike and a Motion for Judgment on the Pleadings, both filed by plaintiff. Docs. 49, 50. For the following reasons, it is RECOMMENDED that all motions be DENIED.

### I.
#### BACKGROUND

This action was initiated in the United States District Court for the Central District of California. Doc. 1. While suit was pending in that court, defendants filed a motion (1) to dismiss for lack of personal jurisdiction and for failing to state a claim; (2) to dismiss or transfer for improper venue; and (3) for a more definite statement. Doc. 6. By Order issued on August 27, 2015, the court granted defendants' motion to transfer for improper venue and ordered the matter transferred to this court. Since it ordered the case transferred, the court declined to address all other relief sought in defendants' motion. Doc. 16.

After the case was transferred, defendants filed a motion asking this court to consider and rule on the remaining relief sought its previously filed motion. Doc. 34. Defendants have also filed a motion for the court to take judicial notice of a ruling in a case filed by plaintiff in the United States District Court, Western District of Texas. Doc. 39.

On July 13, 2016, this court held a hearing on both of defendants' motions. Doc. 44. On the day before the hearing plaintiff filed several motions, some of which have been ruled upon.[1] A Motion to Strike defendants' motion for the court to take judicial notice [doc. 49] and a Motion for Judgment on the Pleadings [doc. 50] remain pending. We consider each of these motions below.

## II.
### LAW AND ANALYSIS

#### A. *Motion to Dismiss for Failure to State a Claim*

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the rule encourages conciseness, "the complaint must say enough to give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc., v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 319 (2007)(quoting *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 346 (2005)).

A motion filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of a plaintiff's allegations. Fed. R. Civ. P. 12(b)(6). When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and construes all reasonable

---

[1] A Motion for Extension of Time to file a response to the Motion for the Court to Take Judicial Notice [doc.43] was denied by Electronic Order on July 18, 2016. Doc. 46. A Motion to Disqualify Counsel [doc. 45] was denied by Electronic Order on July 18, 2016. Doc. 47.

inferences in a light most favorable to the plaintiff or nonmoving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

To avoid dismissal under a Rule 12(b)(6) motion, a complaint must contain enough facts to make a claim for relief "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Twombly* 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."(citations omitted). *Twombly,* 550 U.S. at 554. A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

When a plaintiff is proceeding *pro se,* as is the case here, the court holds his complaint "to less stringent standards than formal pleadings drafted by lawyers." *Hale v. King,* 642 F.3d 492, 499 (5th Cir. 2011)(citing *Calhoun v. Hargrove,* 312 F.3d 730, 733 (5th Cir. 2002)). However, "[e]ven a liberally construed *pro se* … complaint … must set forth facts giving rise to a claim on which relief be may be granted. *Johnson v. Atkins,* 999 F.2d 99, 100 (5th Cir. 1981) (citing *Levitt v. Univ. of Texas El Paso,* 847 F.2d 221, 224 (5th Cir 1988)). A pro se litigant's failure to comply with this standard should not result in the automatic dismissal of a claim; rather, dismissal is a proper only if the plaintiff has pleaded his best case. *Hale v. King,* 642 F.3d at 503.

Defendants argue that plaintiff's complaint is unintelligible and fails to state any claim against any of the named defendants. They contend that plaintiff has failed to specifically allege facts which would show a violation of any of the causes of action he appears to be asserting. While we agree with defendants that the complaint is incoherent and fails to allege with particularity the facts upon which each cause of action is predicated, we are not inclined to recommend a granting of the motion to dismiss at this time.

Plaintiff should be aware, however, that the allegations in his complaint are inadequate to provide fair notice of both the actual claims and the grounds upon which they rest. In order to allow plaintiff the opportunity to plead his best case, the court will allow plaintiff leave to submit an amended complaint. Plaintiff is cautioned that the amended complaint should not contain "cut and paste" generic or blanket allegations that lack any specificity and factual substance. His complaint must comply with the Federal Rules of Civil Procedure, in particular Rule 8, and include, by way of example, the following:

(1) The basis for asserting the complaint. Explain the reason(s) *you* are entitled to assert each cause of action. In other words, you must allege what interest *you* have in the property that is the subject matter of this lawsuit and why you have standing to assert each claim.

(2) **Specific facts,** including the place and date, to support each and every cause of action (civil rights violation, fraud or misrepresentation, violation of the Fair Debt Collection Practices Act, violation of the Racketeer Influenced and Corrupt Organizations Act, conspiracy, unjust enrichment, aiding and abetting, declaratory relief) included in the complaint.

(3) **Specific facts,** including the place and date, that describe how each and every named defendant could be held liable for each cause of action you allege in the complaint.

(4) The specific relief you seek. State how you contend you were damaged and describe what relief (compensatory, declaratory, or injunctive) you seek.

The allegations in the amended complaint must be supported by sufficient factual detail to allow the court to infer that the claim is "plausible on its face."

### B. *Motion to Take Judicial Notice*

By way of this motion defendants ask the court to take judicial notice of a case filed by plaintiff in the United States District Court, Western District of Texas. In that case the district judge issued an order of dismissal granting a Motion to Dismiss Pursuant to 12(b)(6).

We note that the parties in the Texas proceeding are not the same as those involved in this case. Additionally, at the hearing on this motion counsel for defendants did not allege that the disposition in the Texas matter precluded our making a determination in this case.

If the purpose of the motion is simply to point out that plaintiff has filed other cases similar to the one pending here, we find no need to take judicial notice of this fact. If the purpose of this motion is to suggest there should be some sort of issue preclusion in this litigation because of what occurred in the other litigation then defendants need to raise that point by separate motion. Otherwise the motion is denied.

### C. *Motion to Strike and Motion for Judgment on the Pleadings*

Plaintiff moves the court to strike defendant's motion to take judicial notice because it fails to comply with local rules and was filed for "improper purposes." Doc. 49, p. 2. We find no merit in plaintiff's argument and deny his motion to strike.

Plaintiff also moves for a judgment on the pleadings. Doc. 50. A Motion for Judgment on the Pleadings is filed "[a]fter the pleadings are closed." FED. R. CIV. P. 12. Insofar as we are ordering plaintiff to amend his pleadings, which would then necessitate defendants filing a new response, then this motion is denied as premature.

### III.
### CONCLUSION

For the reasons stated herein, **IT IS RECOMMENDED** that defendants' Motion to Dismiss [docs. 6, 34] and Motion to Take Judicial Notice [doc. 39] be **DENIED**. **IT IS FURTHER RECOMMENDED** that plaintiff's Motion to Strike [doc. 49] and Motion for Judgment on the Pleadings [doc. 50] be **DENIED**.

**IT IS ORDERED** that on or before September 2, 2016 plaintiff is to amend his complaint to cure the deficiencies noted herein.

Under the provisions of 28 U.S.C. §636 and Fed.R.Civ.Proc. 72, parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 26 July 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE