UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALFRED McZEAL** | : | **CIVIL ACTION NO. 15-cv-2315** |
| **VERSUS** | : | **JUDGE WALTER** |
| **MIDSOUTH NATIONAL BANK N.A., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the briefing submitted by the parties pursuant to this court's order [doc. 76] to inform our determination of the appropriate sanctions under Rule 11 of the Federal Rules of Civil Procedure against plaintiff Alfred McZeal ("McZeal"), accompanying the judgment [doc. 74] granting the Motion to Dismiss for Failure to State a Claim [doc. 56] filed by the defendants.

For the following reasons, **IT IS RECOMMENDED** that sanctions be imposed as described below.

### I.
#### BACKGROUND

The procedural history of this suit, which involves a foreclosure on a commercial property at 2007 Moeling Street in Lake Charles, Louisiana, can be found in the district court's memorandum ruling granting the defendants' Motion to Dismiss. *See* doc. 75. There the court ruled that the suit was barred under the *Rooker-Feldman* doctrine and *res judicata* due to the implication of the state court foreclosure proceedings and the disposition of similar claims in suits filed in the Western District of Texas and Central District of California, and due to McZeal's failure to state a claim on which relief may be granted. *Id.* at 9–18. It also noted that sanctions might be appropriate due to McZeal's history of attempting to litigate these or similar issues,

despite multiple dismissals with prejudice and warnings from other federal district courts that he would face sanctions if he continued to present subpar and frivolous filings.[1] *Id.* at 18–19.

## II.
### LAW & ANALYSIS

#### A. *Prefiling Injunction*

It is well settled that the pleadings of pro se litigants are held to a more lenient standard than those of attorneys. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, a pro se plaintiff must still plead factual allegations that raise his right to relief above a speculative level. *Id.* Moreover, as the defendants note, the court's "special solicitude" toward pro se litigants "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *Lipin v. Hunt*, 573 F.Supp.2d 836, 844 (S.D.N.Y. 2008) (quotations omitted). A court's authority to prevent vexatious litigation applies equally to pro se litigants as it does to those represented by counsel. *Id.*

"A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008) (citations omitted). Such an injunction must be tailored to preserve the legitimate rights of litigants while also protecting the courts and innocent parties. *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986). In determining whether a prefiling injunction is appropriate, the court must weigh all relevant circumstances, including the following factors: (1) the party's litigation history; (2) whether the party had a good faith basis for pursuing the litigation; (3) the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Baum*, 513 F.3d at 189 (citations omitted).

---

[1] *See, e.g.*, *In re Al McZeal*, No. 5:13-cv-0004, doc. 18 (C.D. Cal.); *McZeal v. Deutsche Bank Nat'l Trust Co.*, No. 1:16-cv-0430, doc. 58, p. 2 (W.D. Tex.); *McZeal v. JP Morgan Chase Bank, NA*, No. 2:11-cv-773, doc. 133, p. 14 (C.D. Cal.)

This matter is one of five lawsuits filed by McZeal[2] against MidSouth Bank and related defendants, based on foreclosure of the Moeling Street property and raising similar nonsensical claims.[3] *See* doc. 57, atts. 1–3 (actions filed in the Central District of California, Western District of Texas, and District of Colorado); doc. 56, pp. 8–9 (summarizing suits). McZeal has already been declared a vexatious litigant in the state of California and the United States District Court for the Southern District of Texas. *See* doc. 57, att. 3, pp. 223–24; *Washington Mutual Bank, F.A. v. Merlet et al.*, No. 4:06-cv-0897, doc. 85, p. 19 (S.D. Tex. 2007). The Southern District of Texas noted in so declaring that "the Court suspects that McZeal has been abusing the courts to effect vexatious, irritable and expensive litigation upon opposing parties" and that his history in that court included "no fewer than seventeen civil law suits and bankruptcy proceedings" dating back to 1992. *Washington Mutual*, No. 4:06-cv-0897 at doc. 85, p. 19.

Despite his lack of success, McZeal holds himself out as an expert in this type of litigation.[4] Though he has not yet accrued the litigation history in this court that he holds in the Southern District of Texas, he demonstrates no sign of abandoning his frivolous causes of action. Indeed, he has already filed a baseless motion seeking to have the judgment of dismissal vacated under Rule 60(b) of the Federal Rules of Civil Procedure. Doc. 78. It is apparent that all four factors described in *Baum*, as well as other circumstances described above, weigh in favor of granting a prefiling injunction to prevent McZeal from using this court[5] as yet another forum for his vexatious and harassing litigation.

---

[2] As the defendants point out, though the petitioner may attempt to argue that some of these suits were filed by his deceased father, Alfred McZeal, Sr., all suits are in the same format as this one, raising similar claims and reflecting a unity of interest. They therefore appear to have been prepared by the same person.

[3] McZeal also removed the state court petition for executory process relating to that property to this court. *See MidSouth Bank N.A. v. McZeal*, No. 2:10-cv-1560, doc. 1 (W.D. La. 2011). This court remanded the action to state court and granted costs and fees to the defendant due to McZeal's frivolous filings. *Id.* at doc. 43.

[4] *See* www.almczeal.com and www.cancelamortgage.com.

[5] The defendants request an injunction barring McZeal from filing suit against them in any federal district court, like the one issued in *Payman v. Mirza*, 2005 U.S. Dist. LEXIS 14262 (W.D. Va. Jul. 18, 2005). Though McZeal has

### B. Monetary Sanctions

Under Rule 11, the court may only order sanctions directing payment of a party opponent when the sanctions are made on the opposing party's motion. FED. R. CIV. P. 11(c)(4). Here the Rule 11 sanctions are made on the court's initiative and the defendants have specifically noted that they believe an order of monetary sanctions "would be pyrrhic, at best." Doc. 77, p. 3. However, the court may still use its inherent authority to impose sanctions. *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir. 1990). Awards made under the court's inherent authority may be made against either an attorney or party. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).

Although each litigant is generally responsible for payment of his or her own attorney's fees, federal courts have inherent power to award reasonable attorney's fees and costs to the prevailing party when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 95 S.Ct. 1612, 1622 (1975) (quoting *F.D. Rich Co., Inc. v. U.S. for the Use of Indus. Lumber Co., Inc.*, 94 S.Ct. 2157, 2165 (1974)). The Supreme Court notes that:

> [t]he imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy.

*Chambers v. NASCO, Inc.*, 111 S.Ct. 2123, 2133 (1991) (quotations and alterations omitted). However, the threshold for invoking this authority is high and it must be exercised "with restraint and discretion." *Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995) (citations omitted).

---

certainly proven to be a nuisance, it appears that his consequences have mostly been warnings rather than the several thousand dollars in monetary sanctions faced by the plaintiff in *Payman* before the entry of that broad injunction. Therefore we are not prepared to recommend limitation of his rights beyond this district at this point.

In this case McZeal's bad faith is apparent from his litigation history and his conduct in the instant suit. He continues to pursue frivolous claims against these defendants, wastes this court's valuable time and resources with his meritless filings, and only reiterates the same nonsense he has apparently been peddling across the country when given the opportunity to amend or dismiss. Given McZeal's harassing behavior toward his opponents and the disregard that his vexatious litigation displays for judicial authority, sanctions in the form of an award of costs and attorney's fees are appropriate.

### III.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the clerk place McZeal on the list of sanctioned/barred litigants for this district, so that he be barred from filing any action in the United States District Court for the Western District of Louisiana without first obtaining the approval and authorization of the chief judge.

**IT IS ALSO RECOMMENDED** that defendants submit an itemized bill of the costs and attorney's fees incurred in this matter, and that the court order that McZeal pay what it determines to be reasonable costs and attorney's fees to the defendants.

Finally, **IT IS RECOMMENDED** that McZeal be enjoined from filing any further motions in this action beyond an objection to this report and recommendation and a notice of appeal to the Fifth Circuit Court of Appeal, and that he face appropriate sanctions, as determined by the district court, for a violation.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE this 4th day of April, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE