**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ALFRED MCZEAL** | **CIVIL ACTION NO. 2:15 -CV-02315** |
| v. | |
| **MIDSOUTH NATIONAL BANK, NA, ET AL.** | **JUDGE WALTER** |
| | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Relief from Judgment Pursuant to Rule 60(b) (Rec. Doc. 78) filed by the plaintiff, Alfred McZeal. The defendants filed a response in opposition. (Rec. Doc. 82). For the following reasons, the motion (Rec. Doc. 78) is **DENIED**.

## FACTS & PROCEDURAL HISTORY

The facts and procedural history are set out in great detail in this court's previous Memorandum Ruling that dismisses the complaint. (Rec. Doc. 75). In that ruling, the court granted the defendants' Motions to Take Judicial Notice and Motion to Dismiss. The Motion to Dismiss was granted on three grounds—(1) lack of subject matter jurisdiction under the Rooker-Feldman doctrine; (2) *res judicata*; and (3) failure to adequately state a claim under the Federal Rules of Civil Procedure. (Rec. Docs. 75, 76).

In his Motion for Relief from the Judgment (Rec. Doc. 78), McZeal argues that the court made the following errors: (1) by taking judicial notice of court proceedings and finding claims barred under *res judicata*, the court converted the Motion to Dismiss to a Rule 56 Motion for Summary Judgment without notifying the plaintiff; (2) the court improperly applied the Rooker-Feldman doctrine based on a case to which the plaintiff was not a party; and (3) the court improperly barred the claims under *res judicata* because his suit was based on civil rights

1

violations that occurred when his property was taken in April 2015 and when he was evicted in May 2015. (Rec. Doc. 78). While the plaintiff asks for relief only under Rule 60(b), as a *pro se* motion, the court also interprets it as a motion to alter or amend the judgment under Rule 59(e).

## **LAW & ANALYSIS**

Under Rule 60(b) of the Federal Rules of Civil Procedure, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" under specific circumstances. McZeal argues that he should be granted relief under subsections 60(b)(1), (4), and (6). Under Rule 60(b)(1), relief can be granted if the judgment is based on a mistake. "[T]he term "mistake" …encompass[es] judicial mistake[s] in applying the appropriate law." *Oliver v. Home Indem. Co.*, 470 F.2d 329, 330 (5th Cir. 1972), *questioned on other grounds by*, *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 333 (5th Cir. 2004). Under Rule 60(b)(4), relief can be granted if the judgment is void, and "[a] judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996) (quoting *Williams v. New Orleans Public Serv., Inc.,* 728 F.2d 730, 735 (5th Cir.1984)). Under Rule 60(b)(6), relief can be granted for "any other reason that justifies relief." "[T]he language of the 'other reason' clause...vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 n.3 (5th Cir. 1981) (quoting *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949)).

The court also considers the *pro se* motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Under Rule 59(e), a party can move to alter or amend a judgment "no later than 28 days after the entry of the judgment." "Motions…to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n.4 (5th Cir.

2

2016) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). McZeal presents no new evidence and does not establish a legal error that would justify relief under either Rule 59(e) or 60(b).

McZeal's argument that the court made a legal error by converting the Motion to Dismiss to a Motion for Summary Judgment fails for the reasons fully explained in the original memorandum ruling. (Rec. Doc. 75, pp. 8-9, 12). McZeal's argument that the Rooker-Feldman doctrine was misapplied fails because the memorandum ruling narrowly applied the doctrine, recognizing that it likely did not bar all claims, and the court specifically noted that all of the claims, as pleaded, failed to state a claim for relief. (Rec. Doc. 75, pp. 9-11, 17). Finally, McZeal's argument that his claims based on events in 2015 cannot be barred under the doctrine of *res judicata* does not merit altering the judgment because, as the court stated in its memorandum ruling, "even if the plaintiff's … claims were not barred under the Rooker-Feldman Doctrine or *res judicata*, the court would dismiss them with prejudice for failure to state a claim." (Rec. Doc. 75, p. 17). Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Relief from Judgment Pursuant to Rule 60(b) (Rec. Doc. 78) is **DENIED.**

Shreveport, Louisiana, this 19th day of April, 2017.

*Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT COURT